■    PETER PETROCELLI, an Infant, by His Guardian ad Litem, MARY PETRO-CELLI, et al., Respondents, v. ROCKVILLE DAIRIES, INC., Appellant.— In an action to recover damages for personal injuries, and for·medical expenses and loss of services, the appeal is from an order denying appellant's motion for a further ·or supplemental bill of particulars.   Order affirmed, with $10 costs and disbursements.   No opinion.   Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

■    STEPHANIE PHILIP, an Infant, by MARCIN PHILIP, Her Guardian ad Litem, et al., Respondents, v. TIMOTHY P. KELLY, Defendant, and TOWN OF PATTERSON et al., Appellants.— In a consolidated action to recover damages for wrongful death and for personal injuries, and for medical expenses and loss of services, the appeal as limited by appellants' brief is from so much of a judgment, entered on a jury's verdict, as is in favor of respondents against appellants.   Judgment insofar as it is in favor of respondents against appellants reversed, action severed as between respondents and appellants, and a new trial granted as to those parties, with costs to appellants to abide the event.   Defendant Kelly drove his truck on a rural town road in the nighttime and struck the intestate and the infant respondent.   The road was without curbs, sidewalks, or shoulders and with vegetation at the sides of the pavement. The complaint alleges that defendant Kelly, in order to avoid a hole in the left side of the road, with which he was familiar, drove his truck off the pavement and struck the two pedestrians while they were six feet to the right of the edge of the pavement.   The evidence, at variance with the pleadings, is that defendant Kelly's truck never left the pavement, that foliage overhung the pavement, that defendant Kelly drove through the edge of the overhanging foliage, and that contact with the two pedestrians followed.   There is evidence that the infant respondent was in contact with the truck while she was on the pavement.   The evidence is undisputed that a severe storm three days before the accident had bent over branches of trees and shrubs, that· it damaged buildings and electric power supplies, and that such havoc existed throughout the town and the county. In our opinion, the finding, implicit in the verdict, that appellants' negligence was a concurring cause of respondents' injuries and damages, is contrary to the evidence.   Ughetta, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.